# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JESSE COX,

       Plaintiff,

vs.                                                                       No. CV 19-00770 WJ/KK

CITY OF ALBUQUERQUE POLICE DEPARTMENT,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the Complaint to Recover Damages for Injury filed in the Second Judicial District Court, State of New Mexico on May 22, 2019, and removed to this Court by the Defendant on August 23, 2019. (Doc. 1, 1-1). Also pending before the Court are Plaintiff's Motion for Default Judgment (Doc. 3 at 30-34) and Defendant's Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. 6). The Court will deny the Motion for Default Judgment and the Motion to Dismiss, as moot, and dismiss Plaintiff's Complaint for failure to state a claim on which relief can be granted.

### *1. Factual and Procedural Background*

Plaintiff Jesse Cox is a prisoner incarcerated at the Metropolitan Detention Center ("MDC"). (Doc. 1-1 at 1.). Plaintiff Cox filed his Complaint to Recover Damages for Injury in the State of New Mexico, County of Bernalillo, Second Judicial District Court on May 22, 2019. (Doc. 1-1). The Complaint names, as the sole Defendant, the City of Albuquerque Police Department ("Albuquerque Police Department"). (Doc. 1-1 at 1). The Defendant Albuquerque Police Department removed the case to this Court on August 23, 2019. (Doc. 1 at 1-4).

Plaintiff's Complaint sets out a rambling, often indecipherable, series of allegations that appear to arise out of his arrest by the Albuquerque Police Department for assaulting a person at an Albuquerque Home Depot store. (Doc. 1-1 at 2-6). Cox asserts five counts in the Complaint: (1) "abuse of process"; (2) "false arrest and false imprisonment"; (3) "Section inapplicable to federal civil rights action—an action under 42 USC 1983"; (4) "constitutionality . . . rights of disabled people"; and (5) "once loss occurs limitation period begins." (Doc. 1-1 at 7). In his prayer for relief, Cox seeks restitution in the amount of $5,000, payment of doctor bills on his right wrist, help with his "blown disk" from Oklahoma, $1500 per day for the time period he was incarcerated, lost wages of $5,000, that his charges be deemed double jeopardy and dismissed immediately, and that he be released from jail. (Doc. 1-1 at 8-9).

Prior to removal of the case to this Court, Plaintiff Cox filed a Motion for Default Judgment. (Doc. 3 at 30-34). Following removal, Defendant Albuquerque Police Department responded to the Motion, arguing that there was no basis for a default judgment because the Defendant had not been properly served at the time the Motion was filed and, therefore, was not in default. (Doc. 7). Albuquerque Police Department also filed Defendant's Motion to Dismiss Plaintiff's Complaint With Prejudice on August 29, 2019. (Doc. 6). Defendant Albuquerque Police Department seeks dismissal of the claims against it on the grounds that the Albuquerque Police Department is not a suable entity for purposes of 42 U.S.C. § 1983 civil rights claims or the New Mexico Tort Claims Act and because Plaintiff's claims are barred. (Doc. 6). Plaintiff Cox has not responded to Defendant's Motion to Dismiss.

## 2. *Standards for Failure to State a Claim*

Plaintiff Cox is proceeding pro se on civil rights claims under 42 U.S.C. § 1983. The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which

relief may be granted under Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would

also be subject to immediate dismissal under a Rule 12(b)(6) or the § 1915(e)(2)(B) standard. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### 3. Cox's Complaint Fails to State a Claim for Relief

Plaintiff Cox appears to seek relief under 42 U.S.C. § 1983. Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed

4

under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Although he makes vague allegations regarding individual actors, Plaintiff Cox does not specifically name any individual defendant in his Complaint. Nor does he specify who did what to who, or how any individual official, through that individual's own actions, violated the Constitution. The Complaint does not state any plausible civil rights claim against any individual. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Nor, to the extent Cox seeks to sue a governmental entity, does it state any viable basis for entity liability. *Iqbal,* 556 U.S. at 676.

To the extent Cox may be trying to proceed against the City of Albuquerque, the United States Supreme Court has made clear that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[I]n other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Instead, a municipality may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694; *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019). Plaintiff Cox does not name the City of Albuquerque as a defendant and does not plead that he sustained a constitutional injury as a result of an official policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. at 694.

The sole Defendant actually named by Plaintiff Cox is Albuquerque Police Department. It is clearly established that governmental sub-units are not separate suable entities that may be sued under § 1983. *Hinton v. Dennis*, 362 Fed. App'x. 904, 907 (10th Cir. 2010). Police departments such Albuquerque Police Department are not suable entities under § 1983, because they lack legal identities apart from the municipality. See *Martinez v. Winner,* 771 F.2d 425, 443 (10th Cir.1985). Similarly, municipal departments like Albuquerque Police Department cannot be sued separate and apart from the municipality under the New Mexico Tort Claims Act. *See Abalos v. Bernalillo County District Attorney's Office,* 734 P.2d 794, 796, 799 (N. M. Ct. App. 1987). The Complaint does not state any claim for relief against the named Defendant, Albuquerque Police Department.

### 4. *The Court Will Grant Leave to Amend*

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that Plaintiff Cox should be granted leave to amend.[1] In his amended complaint, Cox may not rely on generalities, make collective allegations regarding "all officers"

---

[1] It is unclear whether Plaintiff Cox is seeking to challenge a state court criminal conviction or sentence in this case. *See* Doc. 1-1 at 9. If he does seek a ruling that necessarily invalidates a conviction or sentence, then his claims would also be barred by *Heck v. Humphry,* 512 U.S. 477, 487 (1994) and his amended complaint may be subject to dismissal on that grounds. The Defendant's Motion to Dismiss raises additional grounds, which the Court does not reach, but which may also form the basis for dismissal of any amended complaint.

or "all defendants," or name a non-suable entity such as the Albuquerque Police Department. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Instead, Plaintiff Cox must identify individual defendants, set out exactly what each defendant did and when they did it, and specify how that individual's actions violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. at 677-80. Plaintiff Cox must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order. If he does not file an amended complaint within 30 days, then the Court may dismiss this proceeding, with prejudice and without further notice.

**IT IS ORDERED**:

(1) Plaintiff Jesse Cox's Motion for Default Judgment (Doc. 3 at 30-34) is **DENIED as moot**;

(2) Defendant's Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. 6) is **DENIED as moot**; and

(3) Plaintiff Jesse Cox's Complaint to Recover Damages for Injury (Doc. 1-1) is **DISMISSED** for failure to state a claim on which relief can be granted; and

(4) Plaintiff Cox is granted leave to file an amended complaint consistent with this opinion within 30 days of entry of this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE